hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| vs. ) | No. 08-40043-01-JAR |
| ) | |
| **KALSIE SCHROEDER** ) | |
| ) | |
| **DEFENDANT.** ) | |
| _____) | |

## MEMORANDUM ORDER DENYING
## WAIVER OF VENUE AND TRANSFER OF CASE

This matter comes before the Court on the parties' Joint Motion Regarding Venue and Transfer of Case to Oklahoma for Sentencing (Doc. 68) in the case of defendant Kalsie Schroeder. Defendant pled guilty to one count of possessing and uttering counterfeited United States Federal Reserve notes with intent to defraud, in violation of 18 U.S.C. §§ 472 and 2, and one count of reproducing electronic images of United States Federal Reserve notes with intent to defraud, in violation of 18 U.S.C. §§ 474 and 2. She was scheduled to be sentenced in the United States District Court for the District of Kansas on December 7, 2009. In response to her recent arrest in Oklahoma on new charges, defendant has filed a motion requesting transfer of the case to the Western District of Oklahoma for sentencing and has submitted a signed waiver of venue. All parties and counsel in the District of Kansas and the Western District of Oklahoma agree to the motion.

Upon review of Fed. R. of Crim. P. 20, however, the Court can find no authority for this Court to transfer a case *after* pleading and *before* sentencing. Usually, transfer for a case is done

*before* the defendant pleads guilty to charges.[1] In *United States v. Lovell*,[2] the Eleventh Circuit expressly held, "[T]here is no authority under Rule 20 (or elsewhere for that matter) for a district court to accept a guilty plea from a party then transfer the case to a different jurisdiction for sentencing."[3]

**IT IS THEREFORE ORDERED** that the parties' Joint Motion Regarding Venue and Transfer of Case to Oklahoma for Sentencing (Doc. 68) is **DENIED.** The parties are directed to submit the appropriate writ so that this Court may proceed with defendant's sentencing in the above-captioned matter. The Court will provide at new sentencing date at that time.

Dated: December 7, 2009

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE

---

[1] Fed. R. Crim. P. 20(a) states as follows:

> A prosecution may be transferred from the district where the indictment or information is pending, or from which a warrant on a complaint has been issued, to the district where the defendant is arrested, held, or present if:
>
> (1) the defendant states in writing *a wish to plead guilty or nolo contendere and to waive trial* in the district where the indictment, information, or complaint is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and
>
> (2) the United States attorneys in both districts approve the transfer in writing.

*Id.* (emphasis added).

[2] 81 F.3d 58 (11th Cir. 1996).

[3] *Id.* at 60.